## COURTNEY TOTTEN v. W. H. KIPP.[1]

May 5, 1916.

Nos. 19,693—(94).

**Work and labor — finding sustained by evidence.**

> This is an action for wages. The defense was that the contract was an entire one for a definite time and that plaintiff quit without cause before the term was over. The court found the defense not proven. The evidence was conflicting but the finding is abundantly sustained.

Action in the municipal court of St. Paul to recover $108 for work and labor. The case was tried before Boerner, J., who made findings and ordered judgment for $102 in favor of plaintiff. From an order denying his motion to amend the findings or for judgment in his favor, or for a new trial, defendant appealed. Affirmed.

*S. A. Ryan and George Cahill,* for appellant.

*Orr, Stark & Kidder,* for respondent.

[1]Reported in 157 N. W. 713.

HALLAM, J.

This is an action to recover wages. Plaintiff worked for defendant as a farm laborer from May 18 to September 22, 1915. The monthly wage was agreed upon. The amount earned aggregated $120. Only $12.50 has been paid. The court gave judgment for the balance. The work was satisfactorily done. The only defense pleaded is that plaintiff hired out to defendant "for a period extending * * * until after the harvest of crops was fully completed," that the wages were "to be paid only when work was finished," and that plaintiff quit without cause before that time. In other words, the claim is that there was an entire contract of hiring for the season, no pay to be due until the season was over, and that plaintiff did not fully perform his contract. The defense pleaded was a good one, but the court found that it was not proven. The evidence is in conflict. Plaintiff denies such a contract in positive terms. The evidence of defendant as to what the parties agreed was for some reason stricken out without objection. Defendant's son testified to admissions made by plaintiff of an entire contract. The parties admittedly did not act on the theory that no payment was to be due until the end of the season. Payments from time to time were repeatedly offered and promised by defendant, and some were made. The evidence abundantly sustains the finding of the trial court that no definite period of hiring was agreed.

Order affirmed.